# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARTIN HYING,<br><br>                      Plaintiff,<br><br>v.<br><br>ANNA MARIA HODGES, DENITA R. BALL, DENNIS FLYNN, CARL ASHLEY, AUDREY SKWIERAWSKI, and ANNETTE K. ZIEGLER,<br><br>                      Defendants. | Case No. 23-CV-1361-JPS<br><br>**ORDER** |

## 1. INTRODUCTION

Plaintiff Martin Hying ("Plaintiff") sues Defendants Anna Maria Hodges (Clerk of Milwaukee County Circuit Court) ("Hodges"), Denita R. Ball (Milwaukee County Sheriff) ("Ball"), Dennis Flynn (former Racine County Circuit Court judge) ("Flynn"), Carl Ashley (Chief Judge of Milwaukee County Circuit Court) ("Ashley"), Audrey Skwierawski (Director of Wisconsin State Courts) ("Skwierawski"), and Annette K. Ziegler (Chief Justice of Wisconsin Supreme Court) ("Ziegler") (collectively, "Defendants"). ECF No. 1. Now before the Court are Plaintiff's purported motion in limine, ECF No. 10, which the Court interprets as a motion for default judgment against Defendants Ball and Hodges; Defendants Ball's and Hodges' motion for leave to file an untimely motion to dismiss, ECF No 12;[1] and Defendants Ball's and Hodges' proposed

---

[1] Plaintiff also moves for a hearing on effective counsel on the ground that Flynn is being improperly represented by a state-funded attorney. ECF No. 7. He renews this request in a subsequent filing. ECF No. 10 at 3. Plaintiff argues that

motion to dismiss, ECF No. 13. For the reasons discussed herein, the Court will deny Plaintiff's motion, ECF No 10, will grant Ball's and Hodges' motion for leave to file an untimely motion to dismiss, ECF No. 12, and will deny Ball's and Hodges' proposed motion to dismiss, ECF No. 13, as noncompliant with the Court's pretrial protocols.

2. **LAW & ANALYSIS**

   2.1 **Plaintiff's Purported "Motion in Limine"**

Notwithstanding its title of "motion in limine," Plaintiff moves for "default judgement [sic]" or "summary judgement [sic]" against Hodges and Ball due to their failure to timely answer or otherwise respond to Plaintiff's complaint following service of process. ECF No. 10 at 1, 2.

Plaintiff's motion is premature. Pursuant to Federal Rule of Civil Procedure 55, the process to seek default judgment has two steps. A party must first move for entry of default, and only thereafter may the Court entertain a motion for default judgment. Furthermore, as the Court discusses *infra* Section 2.2, the Court will allow Hodges and Ball another chance to properly respond to Plaintiff's complaint. Accordingly, the Court will deny Plaintiff's motion for default judgment.

   2.2 **Defendants Ball's and Hodges' Motion for Leave to File Untimely Motion to Dismiss**

Defendants Ball and Hodges move for a post-deadline extension of time to answer or otherwise respond to Plaintiff's complaint under Rule

---

Flynn is not properly a "reserve judge" such that he would be entitled to state-funded representation and that the Court should essentially enjoin Flynn from improperly benefitting from state-funded representation. ECF No. 7 at 3, 5. Flynn did not respond to the motion. The Court will order Flynn to respond to this motion on or before **February 5, 2024**. Flynn should respond not only to the request for a hearing on the issue, but also to the underlying merits of the motion.

6(b)(1)(B) (or, put otherwise, to deem their proposed motion to dismiss timely). ECF No. 12. Defendants Ball and Hodges concede that they were served, which rendered their answer or other response to Plaintiff's complaint due by December 12, 2023. *Id.* at 2–3. Nevertheless, counsel for Defendants Ball and Hodges asserts that he was "never made aware that" Hodges was served at that time, and although he was made aware that Ball was served, he and his assistant failed to enter the deadline to answer or otherwise respond on counsel's calendar in what counsel describes as "unintentional oversights." *Id.* at 3 ("Though aware that Plaintiff caused . . . Ball to be served . . . , neither undersigned counsel nor his assistant noted the date by which a responsive pleading would be due; no such date was ever placed on undersigned counsel's calendar."). Counsel also points to the "general difficulties of processing paperwork throughout Milwaukee County" in light of increased absences, including counsel's own, during the holiday season. *Id.*

Rule 6(b)(1)(B) provides that the court may, for good cause, extend a party's time to respond "on motion made after the time has expired if the party failed to act because of excusable neglect." The excusable neglect inquiry is an "equitable one," taking into account "all relevant circumstances surrounding the party's omission," such as "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "These factors are not weighted equally: the reason for the delay is the most important factor." *Postle v. Bath & Body Works, LLC*, No. 13CV50374, 2015 U.S. Dist. LEXIS 15372, at *7 (N.D. Ill. Feb. 9, 2015)

Page 3 of 7
Case 2:23-cv-01361-JPS   Filed 01/22/24   Page 3 of 7   Document 20

(citing *Graphic Commc'ns Int'l v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 6 (1st Cir. 2001)). "To establish excusable neglect, the moving party must demonstrate genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline . . . ." *Satkar Hospitality, Inc. v. Fox TV Holdings*, 767 F.3d 701, 707 (7th Cir. 2014). "[A]n attorney's busyness is not a sufficient reason to establish excusable neglect." *Postle*, 2015 U.S. Dist. LEXIS 15372, at *7 (citing *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012) and *Harrington v. Chicago*, 433 F.3d 542, 548 (7th Cir. 2006)).

The Court first addresses the situation with respect to Hodges. Counsel contends that he was never made aware that she was served, and she was not served personally. ECF No. 12 at 2–3. Although counsel does not indicate whether Hodges herself was aware that she had been sued, the fact that she was not served personally suggests that she was not aware. The Court is therefore satisfied that the reason for Hodges' delay in responding to Plaintiff's complaint was beyond Hodges' and her counsel's reasonable control. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

The same does not appear to be true with respect to Ball, however. Both counsel and his assistant were aware that Ball was served, but neither took note of the deadline to answer or otherwise respond. Counsel apparently failed to realize the oversight for over two weeks after the deadline. Nevertheless, a finding of excusable neglect "is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer," but may extend to some situations in which the delay is caused by "inadvertence, mistake, or carelessness." *Pioneer Inv. Servs. Co.*, 507 U.S. at 388, 391. There is no indication of bad faith or a willingness to ignore the proceedings on Ball's or her counsel's part. The

impact to the proceedings is minimal; no scheduling order is in place. And ultimately, the Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment." *Yong-Qian Sun v. Bd of Trs.*, 473 F.3d 799, 811 (7th Cir. 2007) (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)).

For all these reasons, the Court is satisfied that Hodges and Ball have demonstrated excusable neglect such that the Court may properly extend their time to answer or otherwise respond to Plaintiff's complaint.[2] However, their proposed motion to dismiss is deficient. The Court's pretrial order provides that "the parties must meet and confer" before the filing of a motion to dismiss and certify having done so by writing on the docket. ECF No. 3 at 3. Hodges' and Ball's filings, ECF Nos. 12, 13, 14, give no indication of having complied with this requirement. Accordingly, the Court denies Hodges' and Ball's proposed motion to dismiss, ECF No. 13, without prejudice. Hodges and Ball may renew their motion to dismiss, or otherwise appropriately respond to Plaintiff's complaint, on or before **February 22, 2024**, bearing in mind the requirements of the Court's pretrial order, an amended version of which is filed contemporaneously with this Order. The parties should carefully review the Court's pretrial protocols as set forth in that contemporaneous filing to fully understand their responsibilities at this stage of the proceedings, which responsibilities include the preparation and filing of an executive summary.

---

[2] Notwithstanding this conclusion, the Court is extremely concerned with the fact that the Milwaukee County administrative and bureaucratic channels of communication are apparently insufficient to put parties and their counsel on proper notice of pending federal lawsuits, which is no small matter. Counsel for Ball and Hodges is instructed to take the necessary steps to ensure that whatever links in the chain of communication failed in this instance do not fail again.

### 3. CONCLUSION

For the reasons discussed herein, the Court will deny Plaintiff's motion for default judgment, ECF No. 10, will grant Hodges' and Ball's motion for leave to file, ECF No. 13, and will deny without prejudice Hodges' and Ball's proposed motion to dismiss, ECF No. 13. The Court will also order Flynn to respond to Plaintiff's motion regarding the propriety of Flynn's representation, ECF No 7.

Accordingly,

**IT IS ORDERED** that Plaintiff Martin Hying's motion for default judgment, ECF No. 10, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Dennis Flynn shall **RESPOND** to Plaintiff Martin Hying's motion for hearing on effective counsel, ECF No. 7, on or before **February 5, 2024**. *See supra* note 1;

**IT IS FURTHER ORDERED** that Defendants Anna Maria Hodges' and Denita R. Ball's motion for leave to file an untimely motion to dismiss, ECF No. 12, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Anna Maria Hodges' and Denita R. Ball's motion to dismiss, ECF No. 13, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendants Anna Maria Hodges and Denita R. Ball shall **ANSWER OR OTHERWISE RESPOND** to Plaintiff's complaint on or before **February 22, 2024**, in compliance with the Court's pretrial protocols, an amended version of which is filed contemporaneously with this Order; and

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Plaintiff Martin Hying a copy of the above-noted pretrial protocols, an

amended version of which is filed contemporaneously with this Order, and accompanying pro se attachments.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge