UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARTIN HYING,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOES,<br><br>　　　　　　Defendants. | Case No. 23-CV-1361-JPS<br><br>**ORDER** |

  Plaintiff Martin Hying ("Plaintiff") proceeds against three unknown John Doe defendants (the "Does") on two claims: (1) a conditions-of-confinement claim premised on both a twenty-four hour period of food deprivation and an infestation of drain flies in his cell during his detention at the Milwaukee County House of Corrections from August 15, 2023 to August 22, 2023; and (2) unlawful detention at the Milwaukee County House of Corrections on Friday, August 18, 2023, when he paid to purge the commitment order to which he was subject, to August 22, 2023. ECF No. 45; ECF No. 41 at 2, 20, 30.[1] The Court ordered Plaintiff to identify and name in his amended complaint the individuals personally responsible for the actions alleged in these two claims, *id.* at 30, but Plaintiff avers that the Does "wore no name badges . . . , so [he] is unable to specifically identify them." ECF No. 45 at 2.

  "There's nothing wrong with suing placeholder defendants, then using discovery to learn and substitute names. This is done all the time."

---

[1] Plaintiff originally alleged that he paid the sum owed to purge the commitment order on August 17, 2023 and that he was released on August 21, 2023. EF No. 41 at 3 (citing ECF No. 1 at 4).

*Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022) (collecting cases). "But a plaintiff who uses placeholders must take account of the clock: substitution must be completed before the statute of limitations expires." *Id.* In this case, Plaintiff proceeds under 42 U.S.C. § 1983 for violations of his constitutional rights. "A § 1983 claim has a statute of limitations based on the personal-injury law of the state where the injury occurred . . . ." *Henderson v. Jim Schwochert*, No. 21-1009, 2022 U.S. App. LEXIS 17583, at *4 (7th Cir. June 27, 2022) (citing *Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017)). Wisconsin's personal injury statute of limitations is three years. Wis. Stat. § 893.54. Plaintiff's claim of unlawful detention accrued, at the earliest, when he was released on August 22, 2023. *See Sanders v. St. Joseph County*, 806 F. App'x 481, 484 (7th Cir. 2020) (citing *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) and *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018)). Similarly, the statute of limitations as to his conditions-of-confinement claim began running "from the date of the last incidence" of the allegedly unconstitutional conditions of confinement (which, in this case, appears to also be August 22, 2023). ECF No. 45 at 1; *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (citing *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001)). Accordingly, from what the Court can discern, the statute of limitations applicable to Plaintiff's case expires on August 22, 2025. The statute of limitations therefore appears to pose no issue here with respect to Plaintiff's time to identify the Does.

However, the Federal Rules of Civil Procedure also impose a time constriction. "Plaintiffs may sue unknown defendants and use discovery to identify them; unless they receive leave for more time, they must identify and serve these defendants within ninety days of filing suit." *Martin v. Noble Cnty. Sheriff's Dep't*, No. 21-1214, 2021 U.S. App. LEXIS 34946, at *4–5 (7th

Cir. Nov. 24, 2021) (citing Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.")).

Plaintiff filed his amended complaint on June 21, 2024. His default deadline for service of his amended complaint on the Does, therefore, is September 19, 2024. Given his representation, however, that the Does did not wear name badges and were therefore not immediately identifiable, the Court will extend this deadline. Plaintiff should engage in discovery to determine the identities of the Does. He shall not be precluded from doing so by Rule 26(d)(1)'s prohibition against seeking discovery from any source before the parties have conferred pursuant to Rule 26(f). Fed. R. Civ. P. 26(d)(1). He has until **Thursday, November 7, 2024** to identify the Does and file a second amended complaint naming them and specifically attributing the alleged wrongdoing to them. He then has ninety days therefrom to serve the specifically identified Does. Fed. R. Civ. P. 4(m).[2] Should he for whatever reason be unable to achieve these directives within this time period, he may move for an extension of time, setting forth good cause for the request. *See* Fed. R. Civ. P. 4(m). Failure to timely identify the Does in a second amended complaint tying them individually to the wrongdoing alleged, or failure to timely and appropriately move for an extension of time within which to do so, will result in dismissal of the action against the Does

---

[2]Plaintiff may opt to either effectuate service himself or have the Court order service by the U.S. Marshal. If he seeks to have service effectuated by the U.S. Marshal, he must move the Court to so order. *Roberts v. Jensen,* 801 F. App'x 422, 426 (7th Cir. 2020) ("*At a plaintiff's request,* the court may order that service be made by a U.S. marshal, deputy marshal, or other person appointed by the court." (citing Fed. R. Civ. P. 4(c)(3) (emphasis added))).

without prejudice. *Id.* The Court's prior instructions regarding the filing of amended complaints—for example, that an amended complaint must be complete in and of itself without reference to the original complaint—remain applicable. ECF No. 41 at 30–32.

Accordingly,

**IT IS ORDERED** that Plaintiff Martin Hying shall **FILE**, on or before **Thursday, November 7, 2024**, a second amended complaint naming the John Doe Defendants and tying them individually and specifically to the wrongdoing alleged therein, and he shall thereafter **SERVE** the John Doe Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure; and

**IT IS FURTHER ORDERED** that Plaintiff Martin Hying be and the same is hereby authorized to engage in the discovery ordered herein notwithstanding Rule 26(d)(1)'s prohibition against seeking discovery from any source before the parties have conferred.

Dated at Milwaukee, Wisconsin, this 24th day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge